IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DONALD W. RAGER,**

    **Plaintiff,**

v.                                             **Case No.  5:15cv35-MW/EMT**

**WARDEN PAIGE AUGUSTINE,**
**et al.,**

    **Defendants.**

_____/

## ORDER ON REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 103, and has also reviewed *de novo* Plaintiff's objections to the report and recommendation, ECF No. 105.  The report and recommendation is **ACCEPTED** and **ADOPTED**, over Plaintiff's objections, as this Court's opinion, as to Plaintiff's Fourth, Fifth, Eight, and Fourteenth Amendment claims. But it is **REJECTED** to the extent that it dismisses Plaintiff's First Amendment claims that could be construed as retaliation claims.

The Magistrate recommends dismissing the latter for failure to state a claim because they do not allege actual injury. ECF No. 103, at 31-34. District courts, however, must liberally construe prisoners' pro se complaints at the motion to

1

dismiss stage. *Williams v. McCall*, 531 F.2d 1247 (5th Cir. 1976)[1] (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)). This Court, accepting the complaint's allegations as true and in the light most favorable to plaintiff, could reasonably construe Plaintiff's First Amendment claims as retaliation claims, which need not allege actual injury. *Pittman v. Tucker*, 213 F. App'x 867, 870 (11th Cir. 2007). Indeed, Plaintiff alleges that Defendants threatened to harm him, return him to solitary confinement, and transfer him to another facility unless he stopped filing grievances. ECF No. 15, at 14-17, ¶15-19, 24. Accordingly, the report and recommendation is **REJECTED in part**, and Defendants' motions to dismiss are **DENIED in part**, as to Plaintiff's First Amendment claims that could be construed as retaliation claims, which are not otherwise barred by the statute of limitations. ECF No. 103, at 29.

Accordingly,

**IT IS ORDERED**:

1. Except for Parts II.A and II.B.1, ECF no. 103, the report and recommendation is **ACCEPTED** and **ADOPTED** as this Court's opinion. The report and recommendation is **REJECTED in part** as to Parts II.A and II.B.1.

---

[1] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2. Defendants' motions to dismiss, ECF Nos. 49, 64, 67, 72 are **ACCEPTED** as to Plaintiff's Fourth, Fifth, Eight, and Fourteenth Amendment claims, but **REJECTED in part** as to Plaintiff's First Amendment claims that could be construed as retaliation claims and are not otherwise barred by the statute of limitations. ECF No. 103, at 29.

3. This Court does *not* direct entry of judgment under Rule 54(b).

4. The case is remanded to the Magistrate for further proceedings on Plaintiff's First Amendment retaliation claims consistent with this order.

**SO ORDERED on January 10, 2017.**

                                          **s/Mark E. Walker**
                                          **United States District Judge**