IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONALD W. RAGER,
    Plaintiff,

vs.                                             Case No.: 5:15cv35/MW/EMT

WARDEN PAIGE AUGUSTINE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's "Motion for Default Order for Defendant Augustine" (ECF No. 95). As grounds for the motion, Plaintiff states that on May 3, 2016, the federal Bureau of Prisons provided, at the direction of the court, the United States Marshals Service ("USMS") with the last known address of Augustine. Plaintiff states that on May 5, 2016, the court directed the USMS to mail waiver of service forms to Defendant Augustine, and the court provided Augustine sixty (60) days to respond to Plaintiff's amended complaint. Plaintiff alleges Defendant Augustine has failed to respond; therefore, Plaintiff "requests the clerk of the court to issue a default order" against Defendant Augustine.

Rule 55 of the Federal Rules of Civil Procedure provides, in relevant part:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and

that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

> **(1) By the Clerk.**  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.**  In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a), (b).

Plaintiff's factual assertions regarding the efforts to serve Defendant Augustine are correct; however, there is no proof that Defendant Augustine has been served with process.  On May 23, 2016, the USMS notified the court that the waiver forms mailed to Defendant Augustine were returned to the USMS by the United States Postal Service marked, "Return to sender/Unable for forward" (ECF No. 62).  In the absence of any proof that Defendant Augustine has been served, entry of a default is not appropriate.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion for Default Order for Defendant Augustine" (ECF No. 95) be **DENIED**.

At Pensacola, Florida, this 28<u>th</u> day of February 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**